# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Respondent - Plaintiff,<br>vs.<br>CARLOS ARMANDO LOPEZ-BRACAMONTES,<br><br>          Petitioner - Defendant. | CASE NO. 11-CR-519-L<br><br>ORDER |

On May 7 2012, this Court sentenced Petitioner Carlos Armando Lopez-Bracamontes to 60 months custody in the Bureau of Prisons after he pled guilty, pursuant to a written plea agreement, to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. On September 2, 2012, Petitioner filed a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. He seeks return of $400 in Mexican Pesos, a 2001 Honda Accord, and a wallet with personal identification. The Court, construing the Motion for Return of Property as a civil complaint and subject to the Federal Rules of Civil Procedure, screens the Complaint pursuant to 28 U.S.C. § 1915A[1] and DISMISSES it without leave to amend.[2]

---

[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or employee of a governmental entity and must dismiss a complaint if the plaintiff has raised claims that are frivolous or if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a) & (b)(1).

[2] Because the criminal case against Defendant is no longer pending, his motion is construed as a civil complaint seeking equitable relief and is governed by the Federal Rules of Civil Procedure. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003)("If a Rule 41[ (g) ] motion is filed when

- 1 -

Federal Rule of Criminal Procedure 41(g) states that , "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, "[a]bsent a showing that the individual requesting return of property . . . is entitled to its lawful possession, the property may not be released to him." *United States v. Van Cauwenberghe,* 827 F.3d 424, 434 (9th Cir. 1987). The record in this case conclusively demonstrates that the property was forfeited to the United States. [Plea agreement at 2:9-16 & 9:21]. Therefore, Petitioner is not entitled to its return and his Motion fails to state a claim upon which relief can be granted. Moreover, any amendment to Petitioner's Motion would be futile. *See Moss v. United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009). Accordingly, Petitioner's Motion is DISMISSED without leave to amend.

**IT IS SO ORDERED.**

DATED: November 16, 2012

_____
M. James Lorenz
United States District Court Judge

---

no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief."); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir.2008) (finding that when no criminal case is pending, a Rule 41(g) motion is governed by the Federal Rules of Civil Procedure).